**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIRIAM WHITE,

     Plaintiff - Appellant,

v.

DEERE & COMPANY,

     Defendant - Appellee.

No. 16-1098
(D.C. No. 1:13-CV-02173-PAB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
_____

After a bale of hay hit and injured Miriam White while she was operating her tractor, she sued the manufacturer, Deere & Company. At the trial that followed the jury returned a verdict for Deere. Ms. White now appeals this judgment, but we discern no reversible error.

Ms. White first claims the district court erred by instructing the jury that it could presume Deere's product free from defect. Usually, Colorado law requires just such an instruction where (as here) the product at issue has been on the market for ten

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

years.  *See* Colo. Rev. Stat. § 13-21-403(3)-(4).  But Ms. White says Colorado courts have created an exception to this rule for products that have been subject to previous product liability suits.  Deere disagrees with this assessment and says a statutory amendment abrogated any such judicially crafted exception.  For our part, we don't have to tangle with the parties' legal dispute, though, because the record before us offers no evidence that the Deere equipment has been subject to any previous defect claim.  True, in a pre-trial motion Ms. White sought to identify such a claim.  But the district court granted a motion *in limine* excluding this evidence, Ms. White has not appealed that ruling, and so it is we are left without any record evidence of any prior claim.  And given that and whatever the state of Colorado law may be, we cannot say the district court erred.

Ms. White next claims that, when the district court instructed the jury about the ten-year presumption, it failed to explain that the presumption was "rebuttabl[e]." But Ms. White didn't raise this objection at trial, so we may review the district court's instruction for plain error only.  And that much we do not see.  The district court's jury instruction was almost identical to the Colorado pattern jury instruction. And, at least implicitly, it conveyed the concept that the presumption was rebuttable: after all, by definition and in ordinary usage presumptions are usually (if not always) thought to be just (and only) that.  *See* 12 Oxford English Dictionary 428-29 (2d ed. 1989) (defining "presumption" to mean, among other things, an assumption, expectation or supposition).  Neither does anyone doubt that Ms. White was free to argue exactly this much to the jury.  So while the pattern jury instruction could

2

perhaps be more punctilious, and while we offer no view of how we'd rule *de novo*, we cannot say the district court *plainly* erred in offering the instruction it did.

Finally, Ms. White claims the district court wrongly excluded a particular version of an operator's manual for the Deere equipment, one written after the accident in this case. But Ms. White herself seems to concede that this manual's only relevance or utility was to rebut Deere's affirmative defenses. And at trial the jury never got that far, for it found Ms. White failed to carry her prima facie case. So it is any conceivable error on this point could have been no more than harmless. *See Allen v. Minnstar, Inc.*, 97 F.3d 1365, 1369 (10th Cir. 1996).

Affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge